# SUPREME COURT OF THE UNITED STATES

No. 22A544 (22–592)

## ARIZONA, ET AL. *v.* ALEJANDRO MAYORKAS, SECRETARY OF HOMELAND SECURITY

### ON APPLICATION FOR STAY

[December 27, 2022]

The application for stay pending certiorari presented to THE CHIEF JUSTICE and by him referred to the Court is granted. The November 15, 2022 order of the United States District Court for the District of Columbia, case No. 1:21–cv–00100, is hereby stayed. Applicants suggested this Court treat the application as a petition for a writ of certiorari; doing so, the petition is granted. The parties are directed to brief and argue the following question: Whether the State applicants may intervene to challenge the District Court's summary judgment order.

This stay precludes giving effect to the District Court order setting aside and vacating the Title 42 policy; the stay itself does not prevent the federal government from taking any action with respect to that policy. The Court's review on certiorari is limited to the question of intervention. While the underlying merits of the District Court's summary judgment order are pertinent to that analysis, the Court does not grant review of those merits, which have not yet been addressed by the Court of Appeals.

The Clerk is directed to establish a briefing schedule that will allow the case to be argued in the February 2023 argument session. The stay shall terminate upon the sending down of the judgment of this Court. The order heretofore entered by THE CHIEF JUSTICE is vacated.

JUSTICE SOTOMAYOR and JUSTICE KAGAN would deny the application.

JUSTICE GORSUCH, with whom JUSTICE JACKSON joins, dissenting.

From March 2020 to April 2022, the Centers for Disease Control and Prevention responded to the COVID–19 pandemic by issuing a series of emergency decrees. Those decrees—often called "Title 42 orders"—severely restricted immigration to this country on the ground that it posed a "serious danger" of "introduc[ing]" a "communicable disease." 58 Stat. 704, 42 U. S. C. §265. Fast forward to a few weeks ago. A district court held that the Title 42 orders were arbitrary and capricious, vacated them, and enjoined their operation. On appeal, Arizona and certain other States moved to intervene to challenge the district court's ruling, arguing that the federal government would not defend the Title 42 orders as vigorously as they might. The D. C. Circuit denied the States' motion. In response, the States have now come to this Court seeking two things. First, the States ask us to grant expedited review of the D. C. Circuit's intervention ruling. Second, the States ask us to stay the district court's judgment while we review the D. C. Circuit's intervention ruling. This stay would effectively require the federal government to continue enforcing the Title 42 orders indefinitely. Today, the Court obliges both requests. Respectfully, I believe these decisions unwise.

Reasonable minds can disagree about the merits of the D. C. Circuit's intervention ruling. But that case-specific decision is not of special importance in its own right and would not normally warrant expedited review. The D. C. Circuit's intervention ruling takes on whatever salience it has only because of its presence in a larger underlying dispute about the Title 42 orders. And on that score, it is unclear what we might accomplish. Even if at the end of it all

we find that the States are permitted to intervene, and even if the States manage on remand to demonstrate that the Title 42 orders were lawfully adopted, the emergency on which those orders were premised has long since lapsed. In April 2022, the federal government terminated the Title 42 orders after determining that emergency immigration restrictions were no longer necessary or appropriate to address COVID–19. 87 Fed. Reg. 19944. The States may question whether the government followed the right administrative steps before issuing this decision (an issue on which I express no view). But they do not seriously dispute that the public-health justification undergirding the Title 42 orders has lapsed. And it is hardly obvious why we should rush in to review a ruling on a motion to intervene in a case concerning emergency decrees that have outlived their shelf life.

The only plausible reason for stepping in at this stage that I can discern has to do with the States' second request. The States contend that they face an immigration crisis at the border and policymakers have failed to agree on adequate measures to address it. The only means left to mitigate the crisis, the States suggest, is an order from this Court directing the federal government to continue its COVID-era Title 42 policies as long as possible—at the very least during the pendency of our review. Today, the Court supplies just such an order. For my part, I do not discount the States' concerns. Even the federal government acknowledges "that the end of the Title 42 orders will likely have disruptive consequences." Brief in Opposition for Federal Respondents 6. But the current border crisis is not a COVID crisis. And courts should not be in the business of perpetuating administrative edicts designed for one emergency only because elected officials have failed to address a different emergency. We are a court of law, not policymakers of last resort.